IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY R. MALANDRINO, f/k/a/ ASHLEY R. GILLISS, : : : Plaintiff, : : v. : : MICHAEL J. ASTRUE, : Commissioner of Social Security, : : Defendant. : : | C.A. No. 10-670-LPS |

## MEMORANDUM ORDER

At Wilmington this 27th day of December, 2013:

IT IS HEREBY ORDERED that:

1. Defendant's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (D.I. 26) is DENIED.

2. Pursuant to Local Rule 7.1.5, a motion for reconsideration, including a motion brought pursuant to Rule 59(e) to alter or amend judgment, should be granted only "sparingly." *See generally MobileMedia Ideas, LLC v. Apple, Inc.*, 2013 WL 4764037, at *2 (D. Del. Sept. 5, 2013) ("A motion for reargument under Local Rule 7.1.5 is the functional equivalent of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The standard for obtaining relief under Rule 59(e) is difficult to meet.") (internal quotation marks and citation omitted). The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the

adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café ex rel. LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

3. Defendant has failed to show that the requirements for altering or amending judgment are met here. In its September 18, 2012 opinion and order, the Court held that Defendant's motion for summary judgment would be denied to the extent that remand was required to permit the Administrative Law Judge ("ALJ") to make a determination of disability based on a hypothetical question to a vocational expert that included all of Plaintiff's limitations, including an accurate statement of her educational experience. (*See* D.I. 23 at 20-21; D.I. 24) In its present motion, Defendant argues that the Court committed a clear error of law when it "found that it was not harmless error for the ALJ to state in the hypothetical question that Plaintiff had a 'twelfth grade education.'" (D.I. 26 at 1) The Court has already rejected this contention. (*See* D.I. 23 at 21) ("Reviewing the entire record here, the Court does not agree that

the error was harmless."). As noted above, Defendant's instant motion does not present an occasion on which it is appropriate to repeat an argument previously made and rejected by the Court. (*See also* D.I. 29-1 at 1-2) (explaining that ALJ's error was not harmless) It remains the Court's view that this case should be remanded so that the ALJ can obtain the assistance of a vocational expert opinion that is unambiguously based on all of Plaintiff's limitations, including an unambiguous statement as to her educational experience.

_____
UNITED STATES DISTRICT JUDGE